NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN ANTONIO GUZMAN-RAMIREZ, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No.    13-73705 Agency No. A097-380-964 MEMORANDUM* |

On Petition for Review of an Order of the
Immigration Judge

Argued and Submitted February 8, 2018
Seattle, Washington

Before:  M. SMITH and MURGUIA, Circuit Judges, and ROBRENO,** District
Judge.

Petitioner Juan Antonio Guzman-Ramirez raises three challenges in his

petition for review before this court. We find that each of Petitioner's challenges

are either not properly before the court or lack merit.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

First, Petitioner collaterally challenges his 2007 stipulated removal order. Petitioner did not assert the grounds for his collateral attack in 2007, or during his later 2013 reinstatement proceedings.[1] Accordingly, Petitioner's allegations to support his claim that his 2007 removal proceedings subjected him to a gross miscarriage of justice are not in the certified administrative record, for either his 2007 or 2013 removal proceedings. Petitioner's allegations to support his collateral attack of his 2007 removal order appear for the first time in an *amended* motion for stay of removal of Petitioner filed in this court. Petitioner only now, before this court, raises the basis for his collateral challenge relying on evidence that is not included in the certified administrative record on which the order of removal is based. The court can decide petitions "only on the administrative record on which the order of removal is based," 8 U.S.C. § 1252(b)(4)(A), and therefore, Petitioner's collateral challenge is not properly before us. Petitioner's claims related to his 2007 removal order are therefore denied.

Second, Petitioner challenges his 2013 reinstatement removal order. He argues that the government violated his right to due process and that the

---

[1] At oral argument, the court learned that Petitioner litigated his claims related to his 2007 removal order, but within the Tenth Circuit. In 2014, Petitioner challenged his 2007 stipulated removal order by filing a motion to reopen with the Salt Lake City Immigration Court. The Immigration Judge ("IJ") denied the motion. Petitioner appealed, and the Board of Immigration Appeals ("the Board") affirmed the IJ's denial of the motion. Petitioner did not file a petition for reconsideration of the Board's decision.

government violated its own reinstatement regulations. *See* 8 C.F.R. § 241.8; *see also* 8 U.S.C. § 1231(a)(5)). This court has determined that Congress intended reinstatement to be a "far more summary procedure than removal" and held that the reinstatement regulation "does not offend due process." *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 491, 495–97 (9th Cir. 2007) (en banc). Although *Morales-Izquierdo* left "open the possibility that individual petitioners may raise procedural defects in their particular cases," *id*. at 496, Petitioner's alleged defects are not particular to him, but rather a complaint regarding the overall summary process of reinstatement. Petitioner states that he was transferred to Immigration and Customs Enforcement administrative custody, given the U.S. Department of Homeland Security Form I-871 Notice of Intent/Decision to Reinstate Prior Order ("Form I-871"), and told of the government's decision to reinstate his prior removal all on the same day. He cites no legal support for why this swift process alone constitutes a particular violation of his due process rights. In any event, Petitioner fails to show prejudice because he does not show how any alleged violation created a "'plausible scenario[] in which the outcome of [his] proceedings would have been different' if a more elaborate process were provided." *Id*. at 495 (quoting *Walters v. Reno*, 145 F.3d 1032, 1044 (9th Cir. 1998)). Petitioner's due process claim as to his 2013 reinstatement removal order fails.

Petitioner also contests his 2013 reinstatement removal order, alleging that

the government failed to comply with its regulations that require an immigration officer to notify the individual that he is subject to removal based on reinstatement, and that he can make a statement contesting the determination. *See* 8 C.F.R. § 241.8(b)). Petitioner's Form I-871 states that Petitioner refused to sign the Form. Nothing about his refusal to sign demonstrates that the government did not inform him that he was subject to removal proceedings and that he could make a statement contesting the determination that he was subject to reinstatement of removal. Petitioner presents no other evidence in support of his claim that the government did not follow the reinstatement regulations, and the claim also fails.

Third, Petitioner claims that the IJ who reviewed his reasonable fear claim in the context of his 2013 reinstatement removal proceedings violated his due process rights. He contends that the IJ violated his due process rights because the IJ did not provide a reasoned decision for concurring with the asylum officer's negative reasonable fear determination and did not address Petitioner's claim that he feared persecution on account of his religion if he returned to Mexico. While the IJ could have more fully described his reasons for concurring with the asylum officer, here, the record is sufficient to support the IJ's determination that Petitioner had not established a reasonable probability that he would be persecuted on account of the enumerated bases or that he would be tortured in the country of removal, Mexico. In addition, although the IJ did not specifically note or discuss Petitioner's claim

that he feared persecution on account of his religion, Petitioner failed to raise that argument in either his briefing or oral argument before the IJ. He asserted reasonable fear only on a theory of a particular social group. Therefore, the Petitioner abandoned and waived his theory of persecution on account of his religion. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). In sum, Petitioner's claims regarding the IJ's review of his reasonable fear claim also fail and there is no need to remand to the IJ.

**PETITION DENIED.**